JOSHUA D. WALTON *vs.* JOHN S. ELDRIDGE.

The payment of money by an agent, in settlement of a suit brought against him by his principal to recover the value of property intrusted to him to be sold or exchanged, does not create a legal presumption that the agent's expenses and commissions for services were included and adjusted in the same settlement, although the principal received the money with that belief and understanding; but the evidence should be left to the jury to determine whether both parties so understood and agreed. And in such case the general burden of proof remains with the defendant to establish that the agent's claim has been satisfied; but if, upon the settlement, the agent did not disclose or make any claim against his principal, it is competent for the jury to presume that it was included and adjusted in the settlement.

CONTRACT for cash paid for board of the defendant's horse at New York, and commission for services in selling him for the defendant, and expenses incurred in transporting him to New York, where he was sold. The defence relied upon was accord and satisfaction.

At the trial in the superior court it appeared that the defend·

ant employed the plaintiff to sell the horse, and that the parties met at New York, where the plaintiff had taken the horse to sell. There was conflicting evidence on the point whether the defendant gave the plaintiff authority to exchange the horse for another; the plaintiff testifying that he had general authority to dispose of the horse in any way he thought proper or expedient, and the defendant, on the other hand, testifying that he gave no authority except to sell. It was also proved that, some two months after the interview, the parties again met in Bos ton; and that the plaintiff then explained to the defendant that he, the plaintiff, had exchanged the horse for an interest equa. to one half in value in another horse known as "Jack Potter," the other half of which belonged to the plaintiff himself. The value of Jack Potter did not distinctly appear; but it appeared that he was a noted trotting horse, and was highly esteemed by the plaintiff and others.

The defendant was not satisfied with this report, and brought an action against the plaintiff, which led to another interview at an attorney's office.

The defendant still declining to accept an interest in Jack Potter, the plaintiff finally consented to pay and did pay $400, and took a receipt from the defendant's attorney in full of all demands. The present action was commenced shortly after this transaction. There was conflicting evidence on the point, whether the defendant's attorney demanded a receipt and whether the plaintiff refused to give one.

*Ames,* J., ruled, upon this evidence, that even if the plaintiff had full and general authority to dispose of the defendant's horse as he thought fit, whether by sale or exchange; and if, in pursuance of such authority, he had exchanged the horse for a share in another horse, he was bound to render an account of his doings to the defendant; and if, on being so called to account, he had as a final payment delivered to the defendant any sum of money, which the defendant had received with the belief and understanding at the time that the money so paid was in full for all that he was to receive on that transaction, the legal presumption would be that the plaintiff's commissions, expenses

Walton v. Eldridge.

and services in the same transaction were included and considered in the settlement, or kept back by the plaintiff at the time; and that, in this state of facts, the burden of proof would be on the plaintiff to show that those commissions, expenses and services were understood by both parties to be excepted and reserved out of, or not included or considered in, the settlement; and that if the plaintiff did not disclose or make any such claim at the time of settlement, the jury might presume that it was waived or provided for and paid by value in his hands, not paid over to the defendant.

The jury found for the defendant, and the plaintiff alleged exceptions.

*S. G. Nash*, for the plaintiff.

*C. H. Hudson*, for the defendant.

MERRICK, J. 1. The first and second rulings of the presiding judge, to which exception was taken by the plaintiff, were erroneous. The evidence respecting the settlement of the action, which had been brought against him by the defendant, was properly admitted; but no legal presumption arose from it that the claim of the plaintiff for commissions, services and expenses was included in it. It had a tendency to prove that fact; but it should have been left to the jury to judge of its weight, and to deduce the inferences which could legitimately be drawn from it. Presumptions of law consist of rules which, in certain cases, either forbid or dispense with any ulterior inquiry; but presumptions of fact are rather arguments and considerations derived from the circumstances of each particular case, the weight and force of which are to be judged of without being aided or controlled by rules of law. 1 Greenl. Ev. §§ 14, 44. Nor does it make any difference that the defendant received the money, which was paid to him by the plaintiff, in the belief and understanding at the time that he was thereby discharged from any claim for services which had been rendered or expenses incurred in his behalf. The settlement could operate as a discharge of those claims only if it was understood and agreed by both parties that it was to have that effect. The question therefore was one of fact, which did not belong to the court to

determine, but which should have been left to the jury to decide, under proper instructions in matters of law, in relation to the rights of the parties. *Phelps* v. *Cutler*, 4 Gray, 137.

2. Assuming that the plaintiff had a just claim against the defendant for services, commissions and expenses, and the question being simply whether that claim had been paid, or had been extinguished and discharged upon an accord and satisfaction, the burden of proof to establish this defence was upon the defendant. Nor did that burden shift or change so as to rest upon the other party, upon showing the settlement of the former suit, and the understanding and belief of the defendant as to its real or intended effect. If the jury were satisfied, upon the whole evidence laid before them, that the claim had been paid or extinguished and discharged, upon an accord and satisfaction and upon good consideration, the defendant would have been entitled to a verdict.

3. The third ruling of the court was substantially to that effect, and was therefore correct; for if the plaintiff did not disclose or make his claim at the time of the settlement, it would, under the circumstances proved, be competent for the jury to presume that it was waived, or provided for and paid, by value in his hands not paid over to the defendant. Not that this was a necessary or inevitable conclusion, or a result required by any positive rule of law; but a conclusion which the jury would be justified in adopting, and which they ought to adopt if, in their judgment, it was a correct deduction from the facts and circumstances proved by the evidence laid before them.

*Exceptions sustained.*